IN THE

# Supreme Court of Georgia,

AT ATLANTA.

AUGUST TERM, 1877.

PRESENT—HIRAM WARNER.........CHIEF JUSTICE.
L. E. BLECKLEY..........JUDGE.
JAMES JACKSON.........  "

WILLIAM N. HABERSHAM *et al.*, executors, plaintiffs in error, *vs.* AUGUSTUS P. WETTER, guardian, *et al.*, defendants in error.

[JACKSON, J., did not preside on account of relationship to the wards of Wetter, guardian, within the fourth degree of consanguinity.]

1. Where the issue in a cause on trial is "*devisavit vel non*," and the circuit judge refuses, on motion of the propounders, to dismiss three of the *caveators* with their *caveat*, out of the case, the other two *caveators* not being included in such motion, the overruling of the same is not such a final judgment in the cause as that a writ of error will lie therefrom to this court, after a new trial has been applied for by the propounders and granted.

2. Where there is a motion for new trial, and also a motion in arrest of judgment, both made by the same party and pending at the same time, and the new trial is granted, there is no longer any verdict on which to base a judgment to be arrested, and a dismissal of the motion in arrest is not such a final judgment as that a writ of error will lie therefrom to this court.

3. It is error on the circuit judge's granting a new trial, to permit a judgment, absolute on its face, to be entered upon the verdict he has set aside.  If the purpose be merely to perfect the record and have the judgment stand subject to result of the new trial, or of a writ of error, such qualification should appear on the face of the judgment itself.

Judgment.    New trial.    Practice in the Superior Court. Practice in the Supreme Court.    August Term, 1877.

Reported in the opinion.

JACKSON, LAWTON & BASINGER ; HARTRIDGE & CHISHOLM ; WILLIAM GRAYSON MANN, for plaintiffs in error.

R. E. LESTER ; T. M. NORWOOD ; N. C. COLLIER ; W. W. MONTGOMERY ; J. R. SAUSSY ; R. H. CLARK ; O. A. LOCHRANE, for defendants.

HILLYER, Judge.*

When this case was reached in its order for argument, counsel for defendant in error moved to dismiss the writ of error, on the ground that it was prematurely brought, alleging that the cause was yet pending in the court below.

It appears from the record, that Wm. N. Habersham and Wm. Hunter propounded in the court of ordinary of Chatham county, a paper purporting to be the last will and testament of Mary Telfair, deceased, and in their petition naming and citing various persons as heirs at law, but not naming the children of Alberta Wetter.

A *caveat* was filed by a portion of those cited, to-wit : George Noble Jones and Alfred Cuthbert.    Afterwards, on the first of November, 1875, in the same court, Augustus P. Wetter filed his petition, asking to make the children of

---

*Before this case was called, it was notified to the governor that Judge JACKSON was disqualified from presiding, and Hon. GEORGE HILLYER, Judge of the superior courts of the Atlanta circuit, was designated to preside in his place, under par. 11, §2, art. vi., of the constitution of 1877.

said Alberta Wetter parties to the proceeding, and *caveators* to said will; and the court granted an order and made them parties accordingly, appointing said Augustus P. Wetter their guardian *ad litem*. A separate *caveat* was filed by said guardian *ad litem*. The case was heard in said court of ordinary, and the will put to record. An appeal was had to the superior court of Chatham county. The case came on to be heard on the appeal on the sixth of June, 1877.

After the evidence was all in, counsel for the propounders moved the court to dismiss the *caveat* of said Wetter, on the ground that it appeared by his petition, and by all the evidence in the case, that the said Wetter children were not the next of kin, but that the remaining *caveators* were. The court overruled the motion. The trial proceeded, and there was a verdict in terms setting out and finding in favor of the *caveat* of said Wetter children, and against the *caveat* of said Jones and Cuthbert. The propounders moved for a new trial, and also in arrest of judgment. Afterwards, upon argument had, the court granted a new trial and dismissed the motion in arrest of judgment. In ordering the new trial, the presiding judge incorporated in his order a provision granting leave to counsel for said Wetter, guardian *ad litem*, to enter up judgment on the verdict, but directing that when so entered up, said judgment stand superseded until the further order of that court.

It appears in the record that afterwards, on the same day, a judgment in due form was written out, in which it was adjudged that the paper propounded as the last will and testament of Mary Telfair, is not her last will and testament; and concluding with directions for the certifying and enforcing of the same in the court of ordinary, and which judgment is unconditional on its face, and signed by said judge.

The propounders prosecute this writ of error, seeking a reversal of that judgment, and also assigning error upon the refusal of the court to dismiss the Wetters out of the case

on motion of the propounders, as above recited, and in dismissing the motion in arrest of judgment. The grounds are variously stated, but they are deducible to these.

This court is of the opinion that when a will is propounded, and a *caveat* filed against the probate of the same by a number of persons as *caveators*, whether joining in the same *caveat*, or proceeding separately, if one should be dismissed out of the case, the cause itself would not thereby be terminated, and such order of dismissal would not be a final judgment, ending the case, within the meaning of section 4250 of the Code.

It has been held by this court, *Stancil vs. Kenan*, 35*th Ga.*, p. 102., that where one of several *caveators* died, the case did not thereby abate, but that the executor might proceed, and that if a judgment was thereafter rendered, the other *caveators* continuing as parties, that the probate was good. But, however this may be, in the present case the executors adopted as their remedy a motion for new trial, and obtained it. For the purpose of the questions here made, there is very little difference between the motion for a new trial made in that court, and a bill of exceptions prosecuted in this court. In each, the relief sought and prayed for is substantially the same, to-wit: a re-hearing, and when the new trial was granted in that court, the cause was re-opened in its entirety, and with all the questions in it remaining for argument and decision, just as they stood before the trial, according to the issues made by the record and pleadings therein. Amongst these questions was the one whether the propounders have the right, upon their motion, to cause the *caveat* of the Wetters to be dismissed and go out of the case. If the judge erred on that question, the presumption of law is, that when it is made before him again, he will decide it correctly. If he decided it correctly then, the presumption is that he will so hold again. But when he does decide finally, it will be time enough for any party aggrieved to complain of his decision.

The plaintiffs in error, having elected to proceed by motion for new trial, and to re-open this question, along with others in the case, before that court, they must pursue the remedy there to a finality before they can bring the same question to this court.

The argument by illustration is often unsatisfactory, and rarely conclusive, but it sometimes aids in the application of principle. Take the case of a suit upon an unconditional contract in writing, with personal service. Say that the defendant files a plea purporting to contain a defense on oath, in order to carry the case to a jury. The plaintiff demurs to this defense as not sufficient in law for the purpose, and prays immediate judgment by the court without a jury. The court overrules the motion, and the trial proceeds, and the defendant has a verdict. Now the plaintiff might prosecute his writ of error at once to this court; or, at his option, he can move for a new trial in the court where the verdict was rendered. If he elects to pursue the latter course, and obtains the new trial for which he prays, is it not manifest that on such new trial he may make the same motion, or demur to the defendant's plea, as on the former trial? and can it be said, that after obtaining such new trial, and the case still pending in that court, with this same question in it, that he can prosecute a writ to reverse the error in this court for an alleged wrong done to him, on the former trial, the consequences of which he had already avoided by obtaining such re-hearing?

We think, too, that the action of the court and counsel, taken in the motion for new trial, abrogated the motion in arrest of judgment; that when the new trial was granted, there was properly no longer any verdict on which to found a judgment to be arrested. In the light of the entire record, we express doubt as to whether the judgment entered up on the verdict was a final judgment. We incline to think that the judge's order granting the new trial, and the qualification contained in the same, may well be looked to, and the whole record construed together, and thus it would pos-

sibly, nay, probably, be held that the judgment was not final, but that it was conditional upon the ultimate fate of the new trial. We do not know, however, what view other courts or other judges less conversant with the circumstances would take of it; and there is so much plausibility in the idea that said judgment being absolute on its face, if we dismiss the writ of error as to this last ground, in which the entering up of that judgment is complained of, it might affirm that judgment unconditionally, which counsel on both sides concede would be contrary to justice, and contrary to the real intention of the court, or the understanding of counsel at the time, that we feel constrained to retain the writ as to that ground only, and reverse the judgment of the court below with explanation or qualification as contained in this opinion. Judge Tompkins no doubt intended, by allowing that judgment to be entered, merely to perfect the record, in order that if the granting of the new trial should not stand the ultimate tests of subsequent proceedings in that court or this, the successful parties might have the fruits of success without the necessity of taking any further steps, or invoking any further action in that court. The presumptions of law in favor of the regularity and finality of judgments of the superior courts of this state are so strong, that as this judgment is unconditional on its face, we think it best to make such judgment here as will set that judgment aside and leave the parties to their rights, according to the ultimate fate of the new trial, and all other questions rightfully made or to be made in the case.

We express no opinion as to any other questions made in the record, or pending between the parties, than those set out in this opinion; and we adjudge that the writ of error be dismissed as to all the assignments contained therein, except the last, namely, the one which complains of the entering of said before described judgment on the verdict; and as to that the judgment of the court below is reversed.